UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. DONALDSON,

    *Plaintiff,*

v.

LOUIS DEJOY and CHARLOTTE A. BURROWS,

    *Defendants.*

_____/

CASE NO. 20-cv-12775
DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 18)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED AS MOOT**. (ECF No. 18.)

**II.    REPORT**

    **A.    Background**

Plaintiff filed a complaint on October 14, 2020. (ECF No. 1.) Defendant Dejoy, Postmaster General USPS Great Lakes Area, filed a Motion to Dismiss on March 5, 2021. (ECF No. 18.) All pretrial matters were referred to the undersigned on March 10, 2021. (ECF No. 19.) Plaintiff was ordered to respond and was granted an extension of time until April 9, 2021 to respond in a text-only order on March 23, 2021. In addition, the text-only order noted that "any amended complaint shall be filed by March 26, 2021." Plaintiff filed an amended complaint on March 25, 2021. (ECF No. 27.)

### B. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.– Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

### C. Considering the Filing of the Amended Complaint

This Court must first address the newly filed amended complaint: "The filing of an amended complaint or counterclaim replaces the original, rendering it null and void. Once an original complaint or counterclaim is superseded, 'any motion to dismiss such claims is moot.'" *ITW Food Equip. Grp., LLC v. Walker*, No. 12-cv-119, 2012 WL 12941121, at *1 (W.D. Mich. May 2, 2012) (quoting *ABB, Inc. v. Reed City Power Line Supply Co.*, No. 1:07–cv–420, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) (Maloney, J.); (collecting cases, citing *ComputerEase Software, Inc. v. Hemisphere Corp.*, No. 06–cv–247, 2007 WL 852103, at *1 (S.D. Ohio Mar.19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot . . . ."); *Scuba v. Wilkinson*, No. 06-cv-160,

2006 WL 2794939, at *2 (S.D. Ohio Sept.27, 2006) ("Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot."); *Weiss v. Astella Pharma US, Inc.*, No. 5:05–cv–527, 2006 WL 1285406, at *1 n. 1 (E.D. Ky. May 10, 2006) (following amendment of complaint, motions to dismiss the original complaint were moot); *Cedar View, Ltd. v. Colpetzer*, No. 5:05–cv–782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006) (the "earlier motion to dismiss . . . and motion for judgment on the pleadings . . . are denied as moot, as they refer to a version of the complaint that has since been replaced . . . ."); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.")).

This Court allowed Plaintiff an extension of time to either respond to this Motion or file an amended complaint in its text-only order on March 23. Plaintiff timely filed an amended complaint. Based on the guidance from caselaw in this Circuit above, the filing of Plaintiff's amended complaint renders the present Motion to Dismiss moot. Accordingly, Defendant's Motion to Dismiss is denied as moot without prejudice.

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 18) be **DENIED AS MOOT**.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 2, 2021                                                         S/ PATRICIA T. MORRIS
                                                                            Patricia T. Morris
                                                                            United States Magistrate Judge