UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK P. DONALDSON,** | **1:20-CV-12775-TGB-PTM** |
| Plaintiff, | |
| vs. | **CONSOLIDATED ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 44) TO GRANT DEFENDANTS' MOTION TO DISMISS AND DENY PLAINTIFF'S MOTION REQUESTING DISCOVERY** |
| **LOUIS DEJOY and CHARLOTTE A. BURROWS,** | |
| Defendants. | |
| | **DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 46)** |
| | **DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 50)** |

*Pro se* Plaintiff Mark Donaldson filed an amended complaint alleging employment discrimination and retaliation pursuant to the Fifth Amendment, the Illinois Rules of Professional Conduct, and Title VII of the Civil Rights of 1964, against Defendants Louis DeJoy and Charlotte Burrows ("Defendants"). Plaintiff also alleges errors concerning discovery disputes before the EEOC. Defendants filed a motion to dismiss the amended complaint. On November 29, 2021, Magistrate Judge

1

Patricia T. Morris issued a Report and Recommendation ("R&R"), recommending Defendants' motion to dismiss be granted, finding "Plaintiff provides no plausible explanation for how he was discriminated [against] based on his race, age, national origin, or sex" and because the Court lacks jurisdiction over all claims against the EEOC. (ECF No. 44, PageID.1113–18.) Plaintiff has since filed a motion for leave to file a second amended complaint (ECF No. 45); a motion for reconsideration (ECF No. 46); and a document containing 42 objections to the R&R (ECF No. 47); a motion to strike and sanctions (ECF No. 50); a motion to withdraw amended complaint (ECF No. 51); and a motion to amend second amended complaint and add parties (ECF No. 52).

This matter is now before the Court on Magistrate Judge Morris's November 29, 2021 Report and Recommendation (ECF No. 44), recommending that Defendants' Motion to Dismiss (ECF No. 24) be **GRANTED**, and Plaintiff's Motion Requesting Discovery (ECF No. 37) be **DENIED** as moot. Plaintiff has also filed a Motion for Reconsideration of the R&R (ECF No. 46) and a Motion to Strike (ECF No. 50). These motions are without merit and will be **DENIED**.

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district

court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id*. The district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b); *Garrison v. Equifax Info. Servs., LLC*, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)).

Of those objections, *de novo* review of a magistrate judge's recommendation is required only where the objections relate to factual disputes and are not frivolous. *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)).

Although Plaintiff characterizes his objections as factual disputes, the overwhelming majority of "facts" in dispute relate to the magistrate's summary of the facts of the Complaint, or what Plaintiff believes to be material facts omitted from the R&R. Because the Court has reviewed Plaintiff's objections (ECF No. 47) and finds that all of them point to factual disputes that are either irrelevant or immaterial, and therefore frivolous, *de novo* review of the Magistrate Judge's R&R is unnecessary.

3

*See id*; *United States v. Ross*, 2012 WL 1565384, at *1 (E.D. Tenn. May 2, 2012). Nonetheless, the Court has reviewed all 42 of Plaintiff's objections and finds them to be without merit.

For example, in Objection 1, Plaintiff contests the "Magistrate's erroneous finding of fact in ECF No. 44, PageID.1104," where the Magistrate Judge stated:

> Plaintiff is a white male in his sixties who alleges that he was fired from his position with the U.S. Postal Service ("USPS"), after a tumultuous start to his employment, based on his race, sex, age, and national origin. (ECF No. 27-2, PageID.435.)

ECF No. 47, PageID.1612. According to Plaintiff, this is "erroneous" because his pleading referenced "age, national origin, race, sex, disparate treatment, and/or retaliation." ECF No. 27, PageID.224.

The Magistrate Judge's summary was not an erroneous statement of fact. The R&R correctly summarized the grounds Plaintiff alleged concerning why he was fired. It was not necessary for the summary to include the words "disparate treatment" and "retaliation" to be accurate. These are terms that specify the legal theory underlying a claim of discrimination. It was still correct for the Magistrate Judge to say that the reason for firing was "based on his race, sex, age, and national origin." This is an adequate description of the alleged unlawful conduct and the omission of the legal terms "disparate treatment" and "retaliation" is not material. Accordingly, Objection 1 is denied.

Similarly, in Objections 2, 3, and 4, Plaintiff contests the "Magistrate's erroneous finding of fact from ECF No. 44, PageID.1105." In that part of the Magistrate Judge's report, she stated:

> Plaintiff was hired as a rural carrier associate at the Kalkaska, Michigan, Post Office and attended a two-day orientation in 2017 from July 31 through August 1. (ECF No. 27, PageID.226.)

ECF No. 47, PageID.1612. Plaintiff objects to this because, he says, the July and August 2017 Orientation (hereafter "Orientation") lasted more than two days. And this is significant because it was on the third day of Orientation that co-worker Melissa Andrzejewski allegedly backed up her vehicle, against USPS policy, and was not reprimanded for it. ECF No. 47, PageID.1613 (ECF No. 27, PageID.251, ¶153; PageID.288).

Although it may well be that the Magistrate Judge misstated the length of Orientation, such an error is immaterial to whether Plaintiff successfully pleaded a claim for employment discrimination and retaliation. The R&R fully discusses Plaintiff's allegation that "Andrzejewski, in violation of USPS policies, backed her vehicle up to reach a mailbox." ECF No. 44, PageID.1106. It also acknowledges that there is a dispute as to how far Andrzejewski, backed up her vehicle, and that Plaintiff points to the fact that his supervisor, Barbara Wandrie declined to reprimand Andrzejewski or to conduct any further investigation into the incidents, as evidence of discriminatory treatment. *Id.* Because the substance of Plaintiff's claims were fully considered and

the basis for the Magistrate Judge's ruling adequately supported, it does not matter whether the R&R incorrectly stated the length of the seminar. Therefore, the Court finds Objections 2, 3, and 4 immaterial to the Magistrate Judge's disposition and they are overruled.

In Objections 5 through 10, Plaintiff complains that the Magistrate Judge erroneously referred to Julie Campbell as an orientation leader, rather than an HR specialist. Plaintiff suggests that this error is material because it affects the analysis of whether Campbell played a role in the alleged wrongful termination. According to Plaintiff, in her role as an HR Specialist, Campbell:

> knowingly and intentionally failed to notify, seek assistance, and/or seek instructions from her direct USPS HR Supervisor Denise Casarez, Manager LD&D, that Campbell was aware of, participated in, and/or witnessed several incidents that involved with Mr. Donaldson because Campbell would become involved, oversee, make decisions, and/or handle any investigation(s) which would include and require talking with and/or interviewing persons, one of which was Campbell herself, involving the incidents and Mr. Donaldson, (2) Campbell would have been removed from any involvement on the matters involving Mr. Donaldson in which Campbell could no longer contact, discuss, notify, and/or communicate with Wandrie involving Mr. Donaldson including any incidents that occurred during the July and August 2017 Orientation, and (3) Campbell could not initiate and/or control the investigations, could not be involved with any investigations or decisions, and could not do any spoilage of evidence which instead Campbell would have to turn over all of her communications, e-mails (which would have still existed at the time in her e-mail boxes), and notes to another HR person who would initiate and/or handle any investigations involving

6

> Mr. Donaldson and any incidents that occurred during the
> July and August 2017 Orientation.

ECF No. 47, PageID.1614-1615. While this Objection is difficult to decipher, it appears Plaintiff is alleging that as an HR Specialist, Campbell had a duty to inform her HR Supervisor of any alleged incidents and failed to do so because it would have prevented her from controlling the outcome of the investigation. For example, in his Complaint, Plaintiff alleges that Campbell's failure to investigate or report co-worker Thomas Lebeau's "threat" to hit Plaintiff in the head during Orientation was evidence of retaliation and disparate treatment. ECF No. 27, PageID.310. He also argues that during the USPS REDRESS Mediation Conference, as an HR Specialist, Campbell was his supervisor, and thus her appearance was not only required, but "relevant and material" because she "would have refuted Wandrie's conduct and explanations involving [Plaintiff] during and after the July and August 2017 Orientation." ECF No. 27, PageID.298.

For similar reasons, the Court finds these objections to lack merit. First, even if Plaintiff is correct that Campbell's role as an HR Specialist made her his supervisor and in such capacity she was required to report the alleged incident, it appears that Campbell did in fact inform her supervisor, Wandrie, of the incident, which ultimately influenced Wandrie's decision to terminate Plaintiff. Second, Plaintiff's assertion that if Campbell attended the REDRESS Mediation Conference, she

7

could have challenged Wandrie's explanations for his termination, is merely speculative and undercuts his discrimination claims. If Plaintiff was correct that Campbell did indeed exhibit animus towards Plaintiff, which the Court has not found, and Wandrie's reason for termination was based on conduct reported by Campbell, it is highly unlikely that Campbell's presence would have resulted in a different outcome.

Plaintiff also challenges the Magistrate Judge's characterization of the facts concerning Campbell's conduct or statements during Orientation. First, Plaintiff argues that the Magistrate Judge erroneously omitted the fact that Campbell allegedly "stared" at him during Orientation (Objection 8). Next, he contends that the Magistrate Judge's reference to Campbell's statement as "inappropriate" in the Complaint is a "nonexistent statement." ECF No. 47, PageID.1619 (Objections 9 and 10). These objections are frivolous. First, the Magistrate Judge stated that Plaintiff alleged Campbell "changed her actions, sitting positions, and demeanor towards" Plaintiff. ECF No. 44, PageID.1105. While it may be technically true that saying a person changed their actions and demeanor toward another person is not the same as saying a person "stared at" another person, it also true that the former encompasses the latter. Omitting the term "stare" is inconsequential to the Magistrate Judge's ultimate disposition. More importantly, the Magistrate Judge determined, and this Court agrees, that Campbell's conduct taken as a whole did not give rise to a reasonable

inference of discrimination. Nor does Plaintiff's Complaint support a claim for retaliatory motive. Second, although Plaintiff does not explicitly use the word "inappropriate" to describe Campbell's statement regarding her former manager being in the building, Plaintiff uses that term elsewhere.  Plaintiff states that during Orientation Campbell "knowingly volunteered inappropriate statements, opinions, and/or actions . . ." ECF No. 27, PageID.243. And Plaintiff then cites this example to support his allegations that Campbell repeatedly "violat[ed] USPS policies." ECF No. 47, PageID.1619. Certainly, conduct or statements in violation of a company's policies may be accurately described as "inappropriate."

Plaintiff makes a total of 42 Objections in a pleading that is 62 pages.  Objections 11-42 essentially consist of a nearly paragraph-by-paragraph disputation of the facts as summarized by the Magistrate Judge. Plaintiff provides a lengthy and repetitive re-hashing of his version of the facts and takes the Magistrate Judge to task any time the R&R diverges, however slightly, from the detailed and self-serving rendition of facts that Plaintiff alleges. Typical of the kind of challenge Plaintiff believes to be relevant, is his repeated objection that the Magistrate Judge incorrectly said that co-worker Andrzejewski referred to herself as "a brown-noser" rather than as "Queen of the Brown-nosers." The distinction here is irrelevant, because neither phrase can reasonably be interpreted as evidence of discrimination based on race, age, gender, or national origin.

The Court has carefully reviewed each one of Plaintiff's remaining objections *de novo*. Each makes arguments that are without merit and inconsequential to the Magistrate Judge's ultimate decision to grant Defendants' motion to dismiss. This Court agrees with the Magistrate Judge that Plaintiff's complaint, exhibits, and the present objections "demonstrate that he was difficult to work with, [and] frequently clashed with his coworkers." ECF No. 44, PageID.1119. All of Plaintiff's objections are therefore **OVERRULED**.

The Court also **DENIES** Plaintiff's Motion for Reconsideration of the R&R, ECF No. 46. The proper means of challenging Report and Recommendation is by filing objections, not through a motion for reconsideration, and any of the problems or errors raised in such a motion can also be raised as objections.

The Court also **DENIES** Plaintiff's Motion to Strike and request for sanctions (ECF No. 50) against Defendant's Response to Plaintiff's objections (ECF No. 49). Pursuant to Fed. R. Civ. P. 11, Plaintiff alleges that Defendants acted in bad faith when they failed to comply with the Magistrate Judge's R&R instructions, which requires the opposing party to "specifically address each issue raised in the objections . . ." ECF No. 44, PageID.1123. Although Defendants failed to follow the Magistrate Judge's instructions, Defendants did address specific objections and explain why they were without merit. Moreover, given the frivolous nature of Plaintiff's numerous objections, while it would have been more

10

thorough to address each of the 42 objections individually, the Court does not find the failure to do so to be sanctionable. Second, Defendants' formatting error does not give rise to the type of misconduct Rule 11 was designed to prevent. Lastly, Plaintiff's motion for sanctions is untimely. Plaintiff must give Defendants 21 days to correct the alleged error before filing sanctions (Fed. R. Civ. P. 11(c)(2)) and this Court specifically requires that parties request leave to file a motion for sanctions.

The Court fully supports the reasoning and analysis of the Magistrate Judge and therefore **ADOPTS** the findings of fact and conclusions of law set out in the R&R ECF No. 44. Accordingly, it is hereby **ORDERED** that Magistrate Judge Morris's Report and Recommendation (ECF No. 44) is **ACCEPTED** and **ADOPTED**, and therefore, Defendants' Motion to Dismiss (ECF No. 33) is **GRANTED.**

It is **FURTHER ORDERED** that the Plaintiff's Motion to Request Discovery (ECF No. 37) is **DENIED** as moot.

It is **FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of the R&R (ECF No. 46) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's Motion to Strike and request for sanctions (ECF No. 50) is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 21, 2022     s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE