UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK P. DONALDSON,** Plaintiff, vs. **LOUIS DEJOY and CHARLOTTE A. BURROWS,** Defendants. | 1:20-CV-12775 -TGB-PTM **CONSOLIDATED ORDER** **DENYING MOTION TO AMEND (ECF NO. 52)** **GRANTING MOTION TO WITHDRAW (ECF NO. 51)** **DENYING MOTION FOR RECONSIDERATION (ECF NO. 60)** |

*Pro se* Plaintiff Mark Donaldson moves for leave to amend the first amended complaint. ECF No. 52. Defendants object to the motion. ECF No. 55. The Court has reviewed the briefs and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). Plaintiff also moves for reconsideration of the Court's Consolidated Order (ECF No. 56), adopting the Report & Recommendation to dismiss Plaintiff's first amended complaint. ECF No.

1

60. For the following reasons, the Court will deny the motion for leave to amend the complaint and the motion for reconsideration.[1]

## I. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is filed, a party may only amend its pleading with the written consent of the opposing party or with leave of the Court. The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether to grant leave to amend a pleading, the Court relies on six factors: (1) "[u]ndue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

A proposed amendment is futile if the pleading could not survive a motion to dismiss. *Id.* As a result, the proposed amended pleading must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

---

[1] Accordingly, the Court will also grant Plaintiff's motion to withdraw the duplicative motion filed on December 12, 2021, requesting leave to file a second amended complaint (ECF No. 45). ECF No. 51.

The Court views the proposed amended complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the proposed amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## II. Motion to Amend

First, Plaintiff seeks to add official and individual-capacity claims against three new Defendants who are Postal Service employees: Catina Ellis, Thais Mootz, and Eloise Lance (collectively hereinafter, "New Defendants") (ECF No. 52-1, PageID.1816–1822). Plaintiff alleges the New Defendants violated his Fifth Amendment procedural and/or substantive due process rights during the USPS Redress process, and in doing so violated *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Specifically, Plaintiff alleges that Ellis, an ADR Specialist, failed to require Julie Campbell, the supervising trainer over Donaldson's orientation, to attend a mediation conference in November of 2017. *Id*. He further contends that Mootz, the Postal Service's Manager of EEO Compliance, failed to respond to an email complaining about Ellis. *Id*.

3

Second, Plaintiff asserts that his proposed second amended complaint will clarify the allegations underlying claims against individual defendants in his first amended complaint. ECF No. 52, PageID.1745. Because this Court finds that Plaintiff's proposed amended complaint would be futile, and cause undue delay and prejudice to Defendants, the motion will be denied.

### A. Futility of Plaintiff's Amendment

Defendants make several arguments as to why Plaintiff's proposed amended complaint is futile, including that claims against New Defendants are time barred. ECF No. 55, PageID.2257 (citing *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016)) ("In Michigan, civil rights actions are subject to a three-year statute of limitations.") (citing Mich. Comp. Laws § 600.5805(10)). They also argue that the organizational changes to Plaintiff's complaint do not change the fact that he fails to bring a viable claim of discrimination.

First, although Plaintiff argues that tolling exceptions may apply under Michigan law, it is not readily apparent from Plaintiff's brief that such exceptions would apply to the current claims. Second, in the First Amended Complaint, this Court determined that Plaintiff's did not state a viable claim for employment discrimination. The proposed Second Amended Complaint's addition of named parties does nothing to improve the viability of Plaintiffs' discrimination claim, and Plaintiff's new due process claim under the Fifth Amendment is merely speculative.

4

In the Order adopting Magistrate Judge's Patricia T. Morris's Report and Recommendation, this Court directly addressed Plaintiff's Fourteenth Amendment due process claim, where he argued that if Campbell, USPS Human Resources Specialist, had been present during the REDRESS Mediation Conference, the outcome of the mediation would have been different because she "would have refuted [Barbara] Wandrie's conduct and explanations involving [Plaintiff] during and after the July and August 2017 Orientation." ECF No. 59, PageID.2292 (citing ECF No. 27, PageID.298). The Court rejected Plaintiff's argument, concluding that "Plaintiff's assertion that if Campbell had attended the REDRESS Mediation Conference, she could have challenged Wandrie's explanations for his termination, was merely speculative and undercut Plaintiff's discrimination claims," because his complaint is premised on the allegation that Campbell exhibited discriminatory animus towards him and played an integral role in his termination. ECF No. 59, PageID.2293. Accordingly, leave to amend must be denied as futile.

Moreover, the Court finds that given Plaintiff's repeated failure to cure inadequacies in his complaint, permitting Plaintiff to amend his complaint a second time at this late stage, would also result in undue delay and prejudice.

### B. Undue Delay and Prejudice

Plaintiff filed his first amended complaint alleging employment discrimination and retaliation pursuant to the Fifth Amendment, the

5

Illinois Rules of Professional Conduct, and Title VII of the Civil Rights of 1964, against Defendants Louis DeJoy and Charlotte Burrows ("Defendants"). Plaintiff also alleged errors concerning discovery disputes before the EEOC. After Defendants moved to dismiss the first amended complaint in June of 2021, Plaintiff sought and was granted an extension, filing his response three months later, in September of 2021. On November 29, 2021, Magistrate Judge Morris issued a detailed and well-reasoned Report and Recommendation, which recommended granting Defendants' motion to dismiss because "Plaintiff provides no plausible explanation for how he was discriminated [against] based on his race, age, national origin, or sex" and because the Court lacks jurisdiction over all claims against the EEOC. ECF No. 44, PageID.1113–1118.

Despite the fact that Defendants' brief in support of their motion to dismiss explained that the Court had no jurisdiction over Plaintiff's EEOC claims, Plaintiff waited until after the R&R was issued to file a motion for leave to file a second amended complaint (ECF No. 45) that would remove the EEOC and name individual party defendants. Plaintiff then sought leave to withdraw that motion (ECF No. 51), and filed the present motion to add parties, and for leave to file a second amended complaint (ECF No. 52).

6

Defendants argue that this undue delay prejudices Defendants as well as the Court, and the Court agrees. Accordingly, leave to amend is denied.

### III. Motion to Reconsider

Although Plaintiff does not cite to Fed. R. Civ. P. 59(e) the Court will liberally construe Plaintiff's Motion to Reconsider (ECF No. 60) as such. Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. 1139, 1140 (W.D.Mich.1996) (citing *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir.1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v. Ford Motor Co.,* 175 F.R.D. 251, 254 (E.D.Mich.1997) (citing *Keweenaw Bay,* 940 F.Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.,* (quoting *Keweenaw Bay,* 904 F.Supp. at 1141).

7

None of the arguments set forth by Plaintiff in support of his Motion to Reconsider satisfy the standards under which Rule 59(e) motions may be granted. Plaintiff does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Plaintiff's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence not previously available suddenly has become available. Thus, Plaintiff has failed to show entitlement to relief under Rule 59(e).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 52) is **DENIED.**

It is **FURTHER ORDERED** that Plaintiff's Motion to Withdraw (ECF No. 51) is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 60) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2022        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE