UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK P. DONALDSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **LOUIS DEJOY, et al.**, <br><br> Defendants. | 1:20-CV-12775-TGB-PTM <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 64) AND DENYING PLAINTIFF'S MOTION TO EXPEDITE AS MOOT (ECF NO. 63)** |

This matter is before the Court on pro se Plaintiff Mark P. Donaldson's motion for reconsideration (ECF No. 64). Plaintiff asks this Court to amend or alter its May 25, 2022 Consolidated Order and Judgment denying Plaintiff's motion for leave to file a second amended complaint, granting Plaintiff's motion to withdraw his first amended complaint, and denying Plaintiff's motion for reconsideration of its Order adopting the Magistrate Judge's Report and Recommendation ("R&R") dismissing Plaintiff's first amended complaint (ECF No. 61).

On July 22, 2022, Plaintiff filed a notice of appeal of this Court's Consolidated Order and Judgment. Under Federal Rules of Appellate Procedure 4(a)(4)(A)(iv) and 4(a)(4)(B)(i), Plaintiff's notice of appeal is not effective until this Court decides the pending motion for reconsideration. *See also Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 716 (6th Cir. 2015) (holding that the Sixth Circuit lacked jurisdiction over

1

an "ineffective" notice of appeal where the district court had not yet decided a post-judgment motion under Federal Rule of Appellate Procedure 4(a)(4)). As such, this Court retains jurisdiction to resolve Plaintiff's pending motion for reconsideration. For the reasons that follow, Plaintiff's motion for reconsideration is **DENIED**.

## I. STANDARD OF REVIEW

The Court liberally construes Plaintiff's motion as requesting that the Court alter or amend its judgment under Federal Rule of Civil Procedure 59(e). *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997). The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relatedly, Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). And under this District's Local Rules, a party may not file a motion to reconsider "an order denying a motion for reconsideration." E.D. Mich. L.R. 7.1(h)(4).

## II. DISCUSSION

Plaintiff has failed to identify any valid reason for amending or altering this Court's judgment under Rule 59. Indeed, the Court finds that Plaintiff's present motion for reconsideration merely seeks to relitigate the issues raised in his motion for leave to amend his first amended complaint (ECF No. 52) and his prior motion for reconsideration (ECF No. 60). The Court has previously given full consideration to Plaintiff's arguments, as well as the reframed versions of those arguments in the present motion, and finds them meritless.

First, to the extent that Plaintiff's motion seeks to have this Court reconsider its denial of Plaintiff's prior motion for reconsideration (ECF No. 60), that request is **DENIED** under Local Rule 7.1(h)(4).

Second, Plaintiff has not pointed to any clear legal errors in the Court's May 25, 2022 Consolidated Order. Plaintiff claims that the Court erred in its findings on undue delay, prejudice, futility, the posture of the case, and Plaintiff's pro se status related to his motion for leave to amend. ECF No. 64, PageID.2333–37. But Plaintiff has not identified a "manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Moreover, the Court did not clearly err even if it declined to explicitly address every argument raised by Plaintiff. *Id.*

For example, Plaintiff claims that the Court "refused" to consider his pro se status in denying his motion to amend. ECF No. 64, PageID.2337. In its Order, the Court did not explicitly acknowledge that

3

pro se litigants are held to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 596 (1972), but still liberally construed Plaintiff's briefings based on its awareness of Plaintiff's pro se status. Even so, the "liberal construction" given to pro se litigants "pertains to legal and procedural technicalities," but "cannot extend to include facts and claims not alleged." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 854 (6th Cir. 2000).

In exercising its discretion over whether to grant leave to amend, the Court properly considered the primary Rule 15 factors, and articulated the correct legal standards for analyzing Plaintiff's motion for leave and his proposed amended complaint. ECF No. 61, PageID.2323–24. And the significant leeway afforded to pro se parties does not change the fact that Plaintiff's proposed amended complaint failed to sufficiently allege a viable employment discrimination claim. As the Court noted, Plaintiff's amendments were futile because his claims remained "merely speculative." *Id.* at PageID.2325–26. Therefore, even considering Plaintiff's pro se status, the Court did not err in denying leave to amend based on the inadequacy of Plaintiff's factual allegations.

Third, Plaintiff has not attempted to identify any new evidence or intervening change in controlling law that warrants altering the Court's judgment.

Lastly, Plaintiff has not demonstrated that granting his motion under Rule 59(e) is necessary to prevent manifest injustice. At bottom, "[d]isagreement with a decision fails to allege sufficient grounds upon

4

which to grant reconsideration." *Smith v. Spencer*, No. 5:17-CV-11090, 2018 WL 827808, at *1 (E.D. Mich. Feb. 12, 2018).

### III. CONCLUSION

Plaintiff's arguments do not satisfy the rigorous standards for relief under Rule 59(e). Plaintiff's motion for reconsideration (ECF No. 64) is **DENIED**. Furthermore, Plaintiff's motion to expedite (ECF No. 63) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: October 14, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

5

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 14, 2022.

                              s/A. Chubb
                              Case Manager